

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

19 MAR -7 PM 3: 25

Elicia M. Bailey

v.

Goodwill Central Texas

Jury Demand
Civil Action Number:
**A19CV0221LY**

## COMPLAINT

1. This action is brought by Elicia Bailey, Plaintiff, pursuant to the following selection jurisdiction:

Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

2. Defendant, Goodwill Central Texas is located at 1015 Norwood Park Blvd, Austin, TX 78753.

3a. Plaintiff was employed by the defendant at 150 W Palm Valley Blvd, Round Rock, TX 78664 and 1700 W Parmer Ln #100, Austin, TX 78727.

3b. At all relevant times of claim of discrimination, Defendant employed twenty to forty employees.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint starting September 2016 until November 14, 2017.

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on February 14, 2018.

6a. The E.E.O.C. issued a **Notice of Right to Sue** which was mailed on December 7, 2018 but received by plaintiff on March 6, 2019.

6b. The E.E.OC issued a determination in this case which can be found in the **Notice of Right to Sue.** No further determinations were made.

7. Because plaintiff is an African American Christian woman the defendant constructively terminated plaintiff's employment, failed to promote plaintiff, hesitated to allow plaintiff to be off on Sundays to attend church, harassed plaintiff, failed to investigate plaintiff's internal complaints of discrimination, retaliated against plaintiff as a result of complaint

of noncompliance with OSHA and complaints of discrimination and falsified work records related to plaintiff's money handling.

8a. In September 2016 I was offered a promotion by Charles Jackson, the general manager at the Round Rock store. The assistant manager, Debra Duran, opposed the promotion. Charles Jackson relocated and was replaced by Josh (last name unknown). In late March 2017 Josh also offered me a promotion and informed me that Chris (last name unknown), the regional manager would be coming in to interview me for the position in early April 2017. Chris, however, seem to consciously avoid me by entering and leaving through the side door instead of the front door as he usually. Goodwill Central Texas does not give African American women the opportunity to advance within the company.

On or around late May 2017 I transferred to the Parmer lane store. Liz Tusa became my general manager. On June 27, 2017 I applied for the following leadership positions.

- ☐ Assistant Manager - Pflugerville - (HS18644)
- ☐ Assistant Manager-Pflugerville - (HS18499)
- ☐ Assistant Store Manager - Brodie - (HS18162)
- ☐ General Manager in Training-North Austin - (CM17697)
- ☐ Production Team Leader - Pflugerville - (JR18289)
- ☐ Production Team Leader-Wells Branch - (CM17773)
- ☐ Retail Assistant Manager North Austin - (CM17430)
- ☐ Retail Team Leader-10th Street & Lamar - (HS17930)
- ☐ Retail Team Leader-Northstar - (CM17544)
- ☐ Retail Team Leader-Riverside - (HS17774)
- ☐ Retail Team Leader-South Park Meadows - (HS18123)
- ☐ Retail Team Leader-South Park Meadows - (HS18342)

Later the same day, I was issued a "counseling statement" due to an alleged $10.00 cash shortage. I believe I was accused of mishandling money as a way to deter me from receiving a promotion because I am an African American woman.

In May 2017 Lynn (last name unknown), a Caucasian woman, began to work at the store, While my schedule was to have precedence over Lynn's schedule due to my seniority and her lack thereof, Tusa changed my Friday schedule from 7:30am to 4pm (first shift) and began to allow

Lynn to work the shift in spite of my request to work the shift before Lynn began working for the company and in spite of my opposition. My schedule changed from opening the store to closing the store. Once Lynn resigned, I was placed back on the 7:30am to 4pm schedule. I addition, throughout my employment at the store, a Hispanic man, Marco, who worked the same position as me (cashier) worked a consistent 7:30am to 4pm schedule daily and was off every Saturday and Sunday.

On or around June 30, 2017 I verbally requested Sundays off to attend church. I was the only employee who was scheduled to work every Saturday and Sunday. All other employees had at least one weekend day off. I continued to ask Tusa for Sundays off to attend church but she never accommodated my request. In November 2017 human resources approved my request to be off on some Sundays.
In July 2017, Robin Jivden, Tusa manager had a meeting with me regarding a leadership position. I was informed that I met all criteria and would become a team lead at the Burnet Road location soon. I am not completely sure of the time but I believe I worked at the Burnet Road store in August or September to get a fill of what I would be doing as a team lead there.

In late September 2017, Ms. Tusa informed all employees of an opportunity to make a total of $1.05 raise over the course of the next year; $.30 between October-November 2017, $.25 between November 2017-January 2018, $.25 between January-April 2018; and $.25 between April-August 2018. The stipulations were that employees were not to miss any days, be late past seven minutes, or have any write-ups. The same day, and the day after Ms. Tusa made the announcement, there were cash deviations of $10 and a little change on my register.

In addition, I had unusual shortages and overages that caused me to get written up over the course of the entire month of October 2017. Each time the register came up short or over it was always $10 plus a little change, with the exception of $5 on October 31, 2018. From May 20, 2016 (start date) until June 26, 2017 I never had a cash deviation.

In October 2017 I filed several complaints of discrimination with human resources, but they were never addressed. On October 30, 2017, Marco, the other cashier was working the register with conjunctivitis (pink eye). I was concerned for mine and the customer's health; as I worked closest to Marco. I called OSHA and asked about my rights. I informed the assistant manager that I did not feel comfortable and I left.

On October 31, 2017 and November 1, 2017 I was the only employee required to close the store and open the store which did not allow me adequate rest; as the store stayed open later on Halloween than other days. I continued to have unexplained cash deviations and write ups for them through November 15, 2017. On November 16, 2017 Tusa called me into her office and explained that I would be getting written up for another cash deviation and if it happened one more time I would be terminated.

The same day I used my lunch break to type up and turn in my two weeks' notice. Within the notice I requested to work any other position besides the register because I was not mishandling money. Thus, I could not control the unexplained deviations and did not feel comfortable

working on the register for the next two weeks. Tusa refused to allow me to work another position and informed me that I could make my notice effective immediately, which I did.

Throughout my employment, I was subjected to a hostile work environment and treated disparately compared to other employees that were not African American women. While there are African American men and non-African American women in team lead, supervisor and management positions Goodwill Central Texas does not promote African American women or give them the opportunity to advance professionally.

I believe that that I being an African American woman was why I was discriminated against and not given advancement opportunities that were provided to other non-African American women employees. I also believe that my complaints to corporate, management, and human resources, resulted in me being retaliated against in that I was never given any of the promotions that were offered to me.

In addition, I was subjected to disciplinary actions and disparate treatment. I believe that I have been discriminated against based on my race, African American and sex, female, in violation of Title VII of the Civil Rights Act of 1964.

8b. All person's included in this complaint are witnesses.

8c. Multiple emails sent to and from human resources regarding complaints of discrimination and other concerns and work schedules.

9. The above acts or omission set forth in paragraph 7 and 8 are no longer being committed by defendant.

10. Plaintiff has attached a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief:

Defendant be ordered by injunctive relief to refrain from restricting the advancement of African American women and be ordered to pay plaintiff for damages for the pain and suffering, mental and psychological abuse endured during her tenure at Goodwill Central Texas. Plaintiff also prays that the Court order defendant be ordered to pay plaintiff for defamation of character. Lastly, plaintiff prays that the court order an investigation into the practices of Goodwill Central Texas regarding fraud and falsifying documentation.

I declare under penalty of perjury that the foregoing is true and correct.

March 6, 2019

_____
Elicia M. Bailey

310 A Creek Cv.
Round Rock, Texas, 78664

(512) 550-9767

Attachment 11 - Certificate of Service

## CERTIFICATE OF SERVICE

I, _Elicia Bailey_, Plaintiff pro se, do here by certify that on the __7__ Day of _March_, 20 _19_, a true and correct copy of the foregoing pleading was forwarded to , the attorney for (Defendant) by ___(State the manner of delivery - eg. U.S. Mail, Hand Delivery; Certified Mail)___ at the following address:___(give address of Attorney for the Defendant)___ .

_1015 Norwood Park Blvd._
_Austin, Texas 78753_

Dated: _March 7, 2019_

_[signature]_
Signature of Plaintiff

51

Rev. Ed. October 26, 2017